UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| C&A IP HOLDINGS, LLC and<br>C&A MARKETING, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SWAG MAN INC., NINJA KING INC.,<br>ELI HIZAMI and DOES 1–10,<br><br>Defendants. | Civil Action No. 19-cv-848-ENV-VMS<br><br>**FIRST AMENDED COMPLAINT<br>AND JURY DEMAND** |

Plaintiffs C&A IP Holdings, LLC ("C&A IP") and C&A Marketing, Inc. ("C&A Marketing") (collectively, "Plaintiffs"), by and through their attorneys, for their Complaint against Defendants, Swag Man Inc. ("Swag Man"), Ninja King Inc. ("Ninja King"), Eli Hizami ("Hizami"), and Does 1–10 ("Doe Defendants") (collectively, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1.      This is an action for trademark infringement, false designation of origin, false advertising, unfair competition and other deceptive acts and unlawful practices brought against Defendants who are passing off their inferior products as those originating with Plaintiffs.

2.      C&A IP is the owner and C&A Marketing is the exclusive licensee of multiple trademarks used in connection with the advertising and sale of cameras and camera accessories on Amazon.com ("Amazon").

3.      Plaintiffs have achieved substantial success by advertising and selling Plaintiffs' proprietary camera accessories under various RITZ GEAR trademarks, including U.S Trademark Registration Nos. 5,114,808 (Exhibit A) and 5,045,902 (Exhibit B) (collectively, "the Ritz Gear Marks").

4833-5883-7149v.1

4.       In an effort to usurp Plaintiffs' business, Defendants have hijacked Plaintiffs' Amazon listings, which feature Plaintiffs' trademarks and products, to sell different and inferior cameras and camera accessories.

5.       In particular, Defendants have advertised camera product bundles that contain, *inter alia*, products bearing the Ritz Gear Marks ("Ritz Gear Products"), as well as third-party products, for purchase to consumers at prices that are lower than those offered by Plaintiffs. However, when fulfilling customer orders, Defendants do not deliver Plaintiffs' Ritz Gear Products.  Thus, consumers are confused and misled, believing that they have purchased Plaintiffs' proprietary and branded products, yet they receive totally different products that were not shown in the listings and which are inferior to Plaintiffs' products.

6.       Moreover, many of the camera product bundles that are delivered to customers by Defendants include cheap refurbished cameras (as opposed to the new cameras shown and described in the listings) and other inferior products.

7.       Defendants' unauthorized use of Plaintiffs' trademarks to advertise and sell Defendants' inferior products is likely to cause and has caused consumer confusion, mistake, and deception to the detriment of consumers and the reputation and goodwill belonging to Plaintiffs.

8.       As a result of these unlawful activities, and as demonstrated below, Defendants are liable to Plaintiffs for, *inter alia*, trademark infringement, false designation of origin, false advertising, and unfair competition under the Lanham Act and at common law.

## JURISDICTION AND VENUE

9.       This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121 for claims arising under the Lanham Act, 15 U.S.C. § 1051 et seq., and under 28 U.S.C. § 1367 for supplemental jurisdiction of all other claims.

10.     This Court has personal jurisdiction over Defendants Swag Man and Ninja King pursuant to New York CPLR §§ 301 and 302 because their principal place of business is in New York, they transact business in New York, and this action arises out of their conduct in New York.

11.     This Court has personal jurisdiction over Hizami pursuant to New York CPLR §§ 301 and 302 because he resides in New York, he transacts business in New York, and this action arises out of his conduct in New York.

12.     Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because the Defendants reside in this District; and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim in this Complaint occurred in this District.

## THE PARTIES

13.     Plaintiff C&A IP is a limited liability company organized and existing under the laws of the State of Delaware, with a place of business at 114 Tived Lane East, Edison, New Jersey 08837.

14.     Plaintiff C&A IP is the owner of the Ritz Gear Marks.

15.     Plaintiff C&A Marketing is a corporation organized and existing under the laws of the State of New Jersey, with a place of business at 114 Tived Lane East, Edison, New Jersey 08837.

16.     C&A Marketing is the exclusive licensee of the Ritz Gear Marks.

17.     Plaintiff C&A Marketing advertises, markets, promotes, offers for sale, and sells, *inter alia*, camera accessories under the Ritz Marks.

18.     Upon information and belief, Defendant Swag Man is a corporation existing and organized under the laws of the State of New York.

3

19.     Upon information and belief, Defendant Swag Man has a place of business at 2365 Nostrand Avenue, Brooklyn, New York 11210.

20.     Upon information and belief, Swag Man owns and operates an Amazon storefront having Merchant ID: ACGED6PWYI9IQ, which has operated under the names "Swag Man" and "Shark Deals" through which it advertises, markets, offers for sale, and sells various consumer products, including, *inter alia*, cameras and camera accessories.

21.     Upon information and belief, Defendant Ninja King is a corporation existing and organized under the laws of the State of New York.

22.     Upon information and belief, Defendant Ninja King has a place of business at 3003 Avenue J, Brooklyn, New York 11210.

23.     Upon information and belief, Ninja King owns and operates an Amazon storefront having Merchant ID: A8DP03SHERH6M, which has operated under the names "Ninja King" and "Savings on Us" through which it advertises, markets, offers for sale, and sells various consumer products, including, *inter alia*, cameras and camera accessories.

24.     Upon information and belief, Defendant Hizami is an individual who resides in Brooklyn, New York.

25.     Defendants have represented that Defendant Hizami is the owner of Defendants Swag Man and Ninja King and operated the Swag Man and Ninja King storefronts on Amazon.

26.     Based upon these representations, Defendant Hizami is a moving, active conscious force behind the Defendants Swag Man and Ninja King's infringement.

27.     Defendant Hizami is personally liable for the unlawful acts complained-of herein.

28.     Upon information and belief, Defendants Ninja King and Swag Man are owned, operated or controlled by one or more additional parties whose identity is not yet known to

4

Plaintiffs.  The true names, involvement and capacities, whether individual, corporate, associated

or otherwise, of the Doe Defendants are unknown to Plaintiff.  Therefore, Plaintiff sues the Doe

Defendants by a fictitious name. Plaintiff is informed and believes, and on that basis alleges, that

each of the Doe Defendants sued herein is responsible in some manner for the events and

occurrences referred to herein. When the true names, involvement and capacities of these parties

are ascertained, Plaintiff will seek leave to amend this Complaint accordingly.

29.     Amazon prohibits any one party from operating multiple storefronts, absent

express permission to do so.

30.     Upon information and belief, the Defendants Swag Man and Ninja King were

formed for the purpose of bypassing Amazon's prohibition against operating multiple

storefronts.

31.     Upon information and belief, there exists, and all times herein mentioned there

existed, a unity of interests between and among Defendants *vis-à-vis* the ownership, operation,

and/or management of the business of the Swag Man and Ninja King storefronts.

32.     Upon their unmasking, all of the individuals responsible for the operation and

management of these storefronts, and the violations of the law described herein, will be named as

defendants in this action.

## **FACTS**

33.     The history of the Ritz Gear Marks begins in 1918 with the founding of Ritz

Camera Centers, Inc. by Benjamin A. Ritz and his family in Atlantic City, New Jersey.  The Ritz

family business initially focused on providing portrait services, but grew into a national chain

providing photo-finishing services, cameras and accessories.  At one time, Ritz Camera operated

over 1,200 stores nationwide.

34.     Ritz Camera was acquired by Plaintiffs, who continued to redefine the famous Ritz Camera brand.  Among other things, Plaintiffs introduced a line of camera accessories under the Ritz Gear Marks to provide professional-quality camera accessories at an affordable price.

35.     Plaintiffs have built a successful business creating, advertising, marketing, and selling cameras and camera accessories, including through their own "RitzCamera" Amazon storefront.

36.     One of Plaintiffs' most successful product offerings are bundles of popular cameras and Ritz Gear-branded accessories, such as memory cards, camera cases, tripods and flashes.

37.     Plaintiffs have created listings for these product bundles on Amazon, each of which is assigned an Amazon Standard Identification Number ("ASIN").

38.     As a result of their listings and advertisements and promotion on Amazon, Plaintiffs' have seen a significant increase in their business and the development of a loyal customer base, many of which return for repeat purchases.

39.     The Ritz Gear Marks are advertised and used on Plaintiffs' Amazon listings and photos.  Photos and advertisements featuring Plaintiffs' products, including Ritz Gear-branded products, are advertised and displayed on Plaintiffs' Amazon listings.

40.     Consumers make purchasing decisions based upon the images that appear on the Amazon listings, which include the Ritz Gear Marks, and the manner in which Plaintiffs' products are packaged and displayed.  By the same token, consumers expect to receive products sold in Plaintiffs' branded packaging and that bear Plaintiffs' trademarks as part of their orders for products.

## DEFENDANTS' DECEPTIVE ACTS

41.     Defendants, through their Amazon storefronts, market, offer for sale, and sell items on Amazon, including cameras and camera accessories.

42.     Among their product offerings, Defendants advertise, market, offer for sale, and sell product bundles, comprising a camera and a group of accessories.

43.     In an effort to trade upon Plaintiffs' goodwill, Defendants have associated their inferior product bundles with the Amazon listings, advertising and pictures that were created by Plaintiffs.  However, unlike the products that are advertised, marketed, promoted, offered for sale and sold by Plaintiffs, Defendants' product bundles do not contain Plaintiffs' proprietary Ritz Gear Products.  Defendants' product bundles also typically include refurbished cameras.

44.     For example, Plaintiffs created Amazon ASIN B07JVH52W7 to advertise, offer to sell and sell a Canon PowerShot SX530 HS camera, in combination with various Ritz Gear-branded products.  Specifically, this ASIN, as shown and described in the listing, includes Ritz Gear-branded accessories:



45.     Seeking to take advantage of Plaintiffs' goodwill, Defendant Swag Man offered to sell and sold product bundles under ASIN B07JVH52W7.  A test purchase from Defendant Swag Man's Amazon storefront confirmed that Swag Man was engaged in a "bait and switch" scheme by shipping consumers different and inferior products than those shown and described in the product listing.

46.     As shown below, each of the Ritz Gear-branded products was replaced with inferior substitutes:



| Advertised Product | Product Shipped By Defendants |
|---|---|
| **RITZ GEAR® Extreme Pro 32GB UHS-I/U3 SD Memory Card:** | |
| **RITZ GEAR® Deluxe Zoom Photo Bag:** | |

8

| Advertised Product | Product Shipped By Defendants |
|---|---|
| **RITZ GEAR® Flexible Tripod:**<br> |  |
| **RITZ GEAR® OTG USB/Micro USB Multi-Function SD/Micro SD Card Reader/Writer:**<br> |  |

9

47.     The product bundle shipped by Defendant Swag Man also included a refurbished

Canon camera (shown below), rather than a new camera:



48.     Plaintiffs also created Amazon ASIN B01N3Q104E to advertise, offer to sell and

sell a Canon EOS Rebel T6 camera, in combination with various Ritz Gear-branded products.

Specifically, this ASIN, as shown and described in the listing, includes Ritz Gear-branded

accessories:



10

49.     Seeking to take advantage of Plaintiffs' goodwill, Defendant Ninja King offered to sell and sell sold product bundles under ASIN B01N3Q104E.  A test purchase from Defendant Ninja King's Amazon storefront confirmed that Ninja King was engaged in a "bait and switch" scheme by shipping consumers different and inferior products than those shown and described in the product listing.

50.     As shown below, each of the Ritz Gear-branded products were replaced with inferior substitutes:



| Advertised Product | Product Shipped By Defendants |
| --- | --- |
| **RITZ GEAR® Tripod:** | |
| **RITZ GEAR® .43x HD Wide Angle Lens** | |

| Advertised Product | Product Shipped By Defendants |
|---|---|
| **RITZ GEAR® 2.2X HD Telephoto Lens**  |  |
| **RITZ GEAR® OTG USB/Micro USB Multi-Function SD/Micro SD Card Reader/Writer:**  |  |
| **RITZ GEAR® Flash**  |  |

51.    The product bundle shipped by Defendant Ninja King also included a refurbished

Canon camera (shown below), rather than a new camera:

| Refurbished Camera Shipped By Ninja King |
| --- |



52.    Upon information and belief, consumers make their purchasing decisions on

Amazon, in significant part, based on the brands, advertising, trademarks, packaging and

photographs that are displayed.

53.    When consumers purchase product bundles with varieties of brands shown in

Plaintiffs' Amazon listings, they expect the fulfilled order to contain those brands actually

displayed and itemized in the listing.  This includes Plaintiffs' proprietary Ritz Gear-branded

products.  By the same token, customers also expect that their purchased product will arrive in

Plaintiffs' branded packaging.

54.    Upon information and belief, as a direct and proximate result of Defendants'

actions, Plaintiffs have lost and will continue to lose hundreds of thousands of dollars in direct

damages based upon the loss of sales on Amazon.

55.    Upon information and belief, Defendants' actions have also detrimentally

impacted Plaintiffs' profit margins and inventory turnover which have harmed their account

stability.

56.     Upon information and belief, Plaintiffs have suffered and will continue to suffer severe damage to the reputation and goodwill of their brands by virtue of, *inter alia*, the negative reviews left by customers on Amazon based upon the inferior products sold by Defendants to those customers.

## FIRST CAUSE OF ACTION

### Trademark Infringement Under the Lanham Act
### 15 U.S.C. § 1114

57.     Plaintiffs repeat and reallege the allegations set forth above in paragraphs 1 through 56 as though fully set forth herein.

58.     C&A IP is the owner of the federal registered Ritz Gear Marks.

59.     Without license or permission, Defendants listed their products under Amazon listings created by Plaintiffs which advertise and offer for sale Ritz Gear Products when, in fact, the products that the Defendants' actually sold and distributed were not and did not include Ritz Gear Products.

60.     Customers who thought that they were purchasing the advertised Ritz Gear Products received no Ritz Gear Products when ordering products from Defendants.

61.     Defendants' use of the Ritz Gear Marks in commerce is without authorization.

62.     As a result of the famed history of the Ritz Camera brand, the Ritz Gear Marks are strong and associated in the mind of the public with Plaintiffs.

63.     Defendants have used identical reproductions of the Ritz Gear Marks to advertise, offer for sale and sell different and inferior products than those advertised, offered for sale and sold by Plaintiffs under the Ritz Gear Marks.

14

64.     Without authorization, Defendants used the Ritz Gear Marks to advertise, offer for sale and sell camera accessories, just as Plaintiffs have used the Ritz Gear Marks to advertise, offer for sale and sell camera accessories.

65.     Upon information and belief, Defendants' unauthorized use of the Ritz Gear Marks to advertise, offer for sale and sell camera accessories has caused actual confusion.

66.     The camera accessories that Defendants shipped to consumers, in place of Ritz Gear Products, were of inferior quality to those products sold by Plaintiffs.

67.     Given that Defendants used identical reproductions of the Ritz Gear Marks, consumers are likely to be confused, irrespective of the sophistication of the purchasers.

68.     Defendants have engaged and continue to engage in these activities knowingly and willfully.

69.     Consumers have been actually confused, or are likely to be confused, mistaken, or deceived as a result of Defendants' unauthorized use of the Ritz Gear Marks.

70.     Defendants' deceptive acts have injured or are likely to injure Plaintiffs' business and reputation with consumers in this judicial district and elsewhere in the United States by creating confusion about the source of Ritz Gear Products.

71.     As a proximate result of Defendants' infringement of the Ritz Gear Mark, Plaintiffs have suffered and will continue to suffer substantial and irreparable injury and damage to the goodwill associated with the Ritz Gear Marks.

72.     Plaintiffs are entitled to injunctive relief and damages in an amount to be determined at trial.

73.     The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

## SECOND CAUSE OF ACTION

### Trademark Counterfeiting Under the Lanham Act 15 U.S.C. § 1114

74.     Plaintiffs repeat and reallege the allegations set forth above in paragraphs 1 through 73 as though fully set forth herein.

75.     Defendants have used spurious designations that are identical to, or substantially indistinguishable from the Ritz Gear Marks for goods covered by registrations for the Ritz Gear Marks.

76.     Defendants have intentionally and willfully used these spurious designations knowing they are counterfeit in connection with the advertising, sale, offering for sale, and distribution of camera accessories for their own personal financial gain and such intentional and willful conduct by the Defendants makes this an exceptional case.

77.     Defendants' use of the Ritz Gear Marks to advertise, offer for sale, sell, and distribute Defendants' counterfeit products was and is without the consent of Plaintiffs.

78.     Defendants' unauthorized use of the Ritz Gear Marks on and in connection with the advertising, offer for sale, and sale of counterfeit products constitutes Defendants' use of the Ritz Gear Marks in commerce.

79.     Defendants' unauthorized use of the Ritz Gear Marks as set forth above is likely to:

   a.   cause confusion, mistake, and deception;

   b.   cause the public to believe that Defendants' counterfeit products are the same as Plaintiffs' products and that Defendants are authorized, sponsored, or approved by Plaintiffs or that Defendants are affiliated, connected, or associated with or in some way related to Plaintiffs; and

16

    c.   result in Defendants unfairly benefiting from Plaintiffs' advertising and promotion, profiting from the reputation of Plaintiffs' advertising and promotion, and profiting from the reputation of Plaintiffs and its Ritz Gear Marks all to the substantial and irreparable injury of the public, Plaintiffs and the Ritz Gear Marks, and the substantial goodwill represented there-by.

80.    Defendants' acts as aforesaid constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

81.    Plaintiffs have no adequate remedy at law and has suffered and continues to suffer irreparable harm and damages a result of Defendants' acts as aforesaid in an amount not thus far determined.

82.    Defendants' wrongful acts of counterfeiting will continue unless enjoined by this Court.

83.    Upon information and belief, Defendants have obtained gains, profits and advantages as a result of its wrongful acts in an amount thus far not determined.

84.    Defendants' actions have been and continue to be malicious, fraudulent, willful and deliberate, thereby making this an exceptional case pursuant to 15 U.S.C. § 1117(a).

85.    Plaintiffs have no adequate remedy at law because the Ritz Gear Marks are unique and represent to the public Plaintiffs' reputation and goodwill such that damages alone cannot fully compensate Plaintiffs for Defendants' misconduct.

86.    Unless enjoined by this Court, Defendants will continue its infringing acts in violation of 15 U.S.C. § 1114, with resulting damage to Plaintiffs and their extensive business and goodwill symbolized by the Ritz Gear Marks leaving Plaintiffs with no adequate remedy for such injury at law.

87. By reason of the foregoing, in addition to injunctive relief, Plaintiffs are entitled to an award of compensatory, treble damages, statutory damages, Defendants' profits, costs, and attorneys' fees.

### THIRD CAUSE OF ACTION

### False Designation of Origin Under the Lanham Act 15 U.S.C. § 1125(a)

88. Plaintiffs repeat and reallege the allegations set forth above in paragraphs 1 through 87 as though fully set forth herein.

89. Defendants have deliberately and willfully attempted to trade upon Plaintiffs' goodwill in the Ritz Gear Marks and the reputation established by Plaintiffs in connection with its products in order to confuse consumers as to the origin and sponsorship of Defendants' goods and to pass off their products as those of Plaintiffs.

90. Defendants have advertised their products under Plaintiffs' marks on Amazon listings and then filled orders made under these listings with materially different, inferior products.

91. Defendants' unauthorized and tortious conduct has also deprived and will continue to deprive Plaintiffs of the ability to control the consumer perception of its products as offered under the Ritz Gear Marks, effectively placing the valuable reputation and goodwill of Plaintiffs' business in the hands of Defendants.

92. Defendants' conduct has caused and is likely to continue to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants with Plaintiffs, and as to the origin, sponsorship or approval of Defendants and their products, in violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a).

93. Defendants have engaged and continue to engage in these activities knowingly and willfully.

94.     Defendants had direct and full knowledge of Plaintiffs' prior rights in their marks before the acts complained of herein.

95.     Defendants' intentional, fraudulent and deceptive acts have injured or are likely to injure Plaintiffs' business and reputation with consumers in this judicial district and elsewhere in the United States by creating confusion.

96.     As a proximate result of Defendants' actions, Plaintiffs have suffered and will continue to suffer substantial and irreparable injury and damage to the goodwill of its business.

97.     Plaintiffs are entitled to injunctive relief and monetary damages in an amount to be determined at trial.

98.     The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

## FOURTH CAUSE OF ACTION

### False Advertising Under the Lanham Act 15 U.S.C. § 1125(a)

99.     Plaintiffs repeat and reallege the allegations set forth above in paragraphs 1 through 98 as though fully set forth herein.

100.    Plaintiffs' product listings advertise and offer for sale products bearing the Ritz Gear Marks.

101.    In bad faith, Defendants intentionally chose to list themselves as a retailer under the listings created by Plaintiffs on Amazon.

102.    In bad faith, Defendants intentionally chose to sell and distribute their materially different and inferior products under the listings created by Plaintiffs on Amazon.

103.    Defendants intentionally chose to sell and distribute their materially different and inferior products under the listings created by Plaintiffs on Amazon, even though Defendants

knew that their products did not match the listing titles, product descriptions or product photographs.

104.    Defendants' actions misrepresent the nature, characteristics, qualities and origins of Defendants' products, as well as those advertised and sold by Plaintiffs.

105.    Defendants' actions deceived and will continue to deceive a number of customers who purchased and will purchase Defendants' different and inferior products instead of those offered by Plaintiffs.

106.    Customers who were once satisfied, repeat customers will no longer purchase Plaintiffs' products as a direct result of Defendants' actions.

107.    Defendants' past and continued advertising, marketing, sale, offer for sale and distribution of products that are different from those which appear on the Amazon listings created by Plaintiffs constitute false advertising, in violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a).

108.    Defendants have engaged and continue to engage in these activities knowingly and willfully.

109.    Defendants' intentional, fraudulent and deceptive acts have injured or are likely to injure Plaintiffs' business and reputation with consumers in this judicial district and elsewhere in the United States by creating confusion.

110.    As a proximate result of Defendants' actions, Plaintiffs have suffered and will continue to suffer substantial and irreparable injury and damage to the goodwill of its business.

111.    Plaintiffs are entitled to injunctive relief and monetary damages in an amount to be determined at trial.

112. The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

## FIFTH CAUSE OF ACTION

### Unfair Competition and Misappropriation Under Common Law

113. Plaintiffs repeat and reallege the allegations set forth above in paragraphs 1 through 112 as though fully set forth herein.

114. Plaintiffs' product listings advertise and offer for sale products bearing the Ritz Gear Marks.

115. In bad faith, Defendants intentionally chose to list themselves as a retailer under the listings created by Plaintiffs on Amazon.

116. In bad faith, Defendants intentionally chose to sell and distribute their materially different and inferior products under the listing created by Plaintiffs on Amazon.

117. Defendants intentionally chose to sell and distribute their materially different and inferior products under the listings created by Plaintiffs on Amazon, even though Defendants knew that their products did not match the listing titles, product descriptions or product photographs.

118. Defendants' actions misrepresent the nature, characteristics, qualities and origins of Defendants' products, as well as those advertised and sold by Plaintiffs.

119. Defendants' actions deceived and will continue to deceive a number of customers who purchased and will purchase Defendants' different and inferior products instead of those offered by Plaintiffs.

120. Upon information and belief, customers who were once satisfied, repeat customers will no longer purchase Plaintiffs' products as a direct result of Defendants' actions.

121.    Defendants advertisement and offer for sale of products on Plaintiffs' Amazon listings constitutes commercial advertising and commercial promotion, which advertisements were disseminated to the relevant purchasing public.

122.    Defendants' unlawful and improper actions as set forth above misappropriate and trade upon Plaintiffs' reputation and goodwill, thereby injuring that reputation and goodwill, and unjustly divert from Plaintiffs to Defendants the benefits rightfully belonging to Plaintiffs.

123.    Defendants' unlawful activities constitute unfair competition and misappropriation as proscribed by common law.

124.    Defendants' acts of unfair competition and misappropriation have caused Plaintiffs to sustain monetary damage, loss, and injury.

125.    Upon information and belief, Defendants have engaged and continue to engage in these activities knowingly and willfully.

126.    Defendants' acts of unfair competition and misappropriation, unless enjoined by this Court, will continue to cause Plaintiffs to sustain irreparable damage, loss, and injury.

127.    Plaintiffs have no adequate remedy at law.

128.    As a proximate result of Defendants' materially deceptive practice, Plaintiffs have been irreparably harmed and are entitled to injunctive relief and damages in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### Violation of New York's General Business Law § 349
### Deceptive Acts and Practices Unlawful

129.    Plaintiffs repeat and reallege the allegations set forth above in paragraphs 1 through 128 as though fully set forth herein.

22

130.     Defendants' aforesaid activities constitute deceptive acts or practices in the conduct of business trade or commerce or in furnishing of services in violation of New York General Business Law § 349.

131.     Defendants' acts were consumer oriented and harmed consumers and the public interest in a material respect.

132.     Defendants engaged in a bait and switch scheme by advertising Ritz Gear Products, but shipping consumers materially different and inferior products.

133.     Defendants engaged in a bait and switch scheme by advertising new, name brand cameras, but shipping consumers used and refurbished cameras.

134.     Defendants' acts were materially misleading because consumers did not receive the products that they believed that they were purchasing.

135.     Defendants have willfully duped consumers into purchasing products of lesser quality than they believe that that were purchasing.

136.     Defendants' acts of unfair competition have caused Plaintiffs to suffer monetary damage, loss, and injury.

137.     Upon information and belief, Defendants have engaged and continue to engage in these activities knowingly and willfully.

138.     Defendants' acts of unfair competition, unless enjoined by this Court, will continue to cause Plaintiffs to sustain irreparable damage, loss, and injury.

139.     Plaintiffs have suffered harm because of Defendants' materially deceptive practices in the form of damage to their business reputation and lost sales.

140.     Defendants are liable under Section 349 for: (1) compensatory damages; (2) treble damages pursuant to Section 349(h); (3) any and all reasonable attorneys' fees incurred and to be

incurred by Plaintiffs in prosecuting this action pursuant to Section 349(h); and (4) punitive damages in an amount to be determined by the jury.

141.    As a proximate result of Defendants' materially deceptive practice, Plaintiffs have been irreparably harmed and are entitled to injunctive relief and damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs pray for judgment against Defendants as follows:

A.    That Defendants be held liable for trademark infringement; counterfeiting; false designation of origin and false descriptions; false advertising; deceptive trade practices; unfair competition; misappropriating and other wrongful activities in connection with the advertising of products;

B.    That Defendants, their agents, servants, related companies, and all parties in privity with them, or any of them, be enjoined preliminarily and permanently from committing any further acts that constitute trademark infringement; counterfeiting; false designation of origin and false descriptions; false advertising; deceptive trade practices; unfairly competing; misappropriating and other wrongful activities;

C.    That Defendants be held liable for infringement of the Ritz Gear Mark and any other marks belonging to Plaintiffs which are being infringed by Defendants;

D.    That Defendants, their agents, servants, related companies, and all parties in privity with them, or any one of them, be enjoined preliminarily and permanently from infringing Plaintiffs' trademark rights in the Ritz Gear Marks and any other marks belonging to Plaintiffs;

E.    That Defendants be required to pay Plaintiffs such damages as Plaintiffs have sustained as a consequence of Defendants' false designations of origin, false advertising, infringements, counterfeits and other wrongful activities complained of herein, and to account

for all gains, profits, and advantages derived by Defendants from said false designations of origin, false advertising, infringements and other wrongful activities complained of herein, and that such award for damages be trebled to the willful and wanton nature thereof; alternatively, that Plaintiffs be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of up to $4,000,000 for each trademark that Defendant has willfully counterfeited and infringed.

F.   That Defendants pay Plaintiffs for the costs of this action and for Plaintiffs' reasonable attorney's fees, as the Court may allow; and

G.   That Plaintiffs be granted such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs request a trial by jury on all issues so triable.

Dated:  July 29, 2019

By:  *s/ Mark Berkowitz*
AMSTER, ROTHSTEIN & EBENSTEIN LLP
Mark Berkowitz
Tuvia Rotberg
Sandra A. Hudak
90 Park Avenue
New York, NY 10016
Phone:  (212) 336-8000
Fax:     (212) 336-8001
E-mail: mberkowitz@arelaw.com
        trotberg@arelaw.com
        shudak@arelaw.com

*Attorneys for Plaintiffs*